1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  VICTOR DOMINGUEZ
11          Plaintiff,                  No. CIV 2:12cv314 CKD
12      vs.
13  J. CRANDELL, ET AL.
14          Defendant.                  ORDER
15  _____/
16          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas
17  corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to this court's jurisdiction (Dkt.
18  No. 4). On the first page of his petition, petitioner writes that he is not challenging the basis of
19  his conviction.  (Dkt. No. 1-1). Instead, in grounds one through four, he alleges violations of due
20  process and failure by the respondents to comply with administrative standards in its gang
21  validation process.   In ground five, petitioner alleges that respondents prevented him from
22  accruing good-time credits when he was validated a gang associate and placed in administrative
23  segregation.
24          The court is required to screen complaints brought by prisoners seeking relief
25  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
26  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
27  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
28  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

A federal court does not have habeas jurisdiction over the conditions of confinement claims alleged in grounds one through four.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  Petitioning for a writ of habeas corpus is an inappropriate means to challenge prison administrative procedures, like gang validation.  See id.  If petitioner alleges deprivation of liberty or constitutionally invalid process in the CDCR gang validation procedures, then he

1 | must seek relief under the Civil Rights Act, 42 U.S.C. § 1983.  See Bruce v. Ylst, 351 F.3d 1283,
2 | 1287 (9th Cir. 2003).  Petitioner is obligated to pay a $350 filing fee if petitioner files under 42
3 | U.S.C. § 1983.  As with the instant habeas action, petitioner may apply to proceed in forma
4 | pauperis if he decides to initiate an action under § 1983.

        As for petitioner's ground five, there is no constitutional right to earn good-time credits.  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  Therefore petitioner's fifth claim does not state a claim for habeas relief.

        In accordance with the above, IT IS HEREBY ORDERED that the petition in this case is dismissed without prejudice and this case closed.

Dated: September 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
domi0314.screening

3