1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR DOMINGUEZ

11          Plaintiff,                    No. CIV 2:12cv314 CKD

12        vs.

13   J. CRANDELL, ET AL.

14          Defendant.                    ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to this court's jurisdiction (Dkt.

18   No. 4). On the first page of his petition, petitioner writes that he is not challenging the basis of

19   his conviction.  (Dkt. No. 1-1). Instead, in grounds one through four, he alleges violations of due

20   process and failure by the respondents to comply with administrative standards in its gang

21   validation process.   In ground five, petitioner alleges that respondents prevented him from

22   accruing good-time credits when he was validated a gang associate and placed in administrative

23   segregation.

24          The court is required to screen complaints brought by prisoners seeking relief

25   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

27   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

28   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

1

1  U.S.C. § 1915A(b)(1),(2).   A claim is legally frivolous when it lacks an arguable basis either in

2  law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

3  1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is

4  based on an indisputably meritless legal theory or where the factual contentions are clearly

5  baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,

6  however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885

7  F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8         When considering whether a complaint states a claim upon which relief can be

9  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

10  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

11  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

12  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

13  dismissal for failure to state a claim, a pro se complaint must contain more than "naked

14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

18  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

19  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

20  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

21  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

22  for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

23  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

24         A federal court does not have habeas jurisdiction over the conditions of

25  confinement claims alleged in grounds one through four.  Ramirez v. Galaza, 334 F.3d 850, 859

26  (9th Cir. 2003).  Petitioning for a writ of habeas corpus is an inappropriate means to challenge

27  prison administrative procedures, like gang validation.  See id.  If petitioner alleges deprivation

28  of liberty or constitutionally invalid process in the CDCR gang validation procedures, then he

1   must seek relief under the Civil Rights Act, 42 U.S.C. § 1983.  See Bruce v. Ylst, 351 F.3d 1283,

2   1287 (9th Cir. 2003).  Petitioner is obligated to pay a $350 filing fee if petitioner files under 42

3   U.S.C. § 1983.  As with the instant habeas action, petitioner may apply to proceed in forma

4   pauperis if he decides to initiate an action under § 1983.

5             As for petitioner's ground five, there is no constitutional right to earn good-time

6   credits.  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  There is no constitutional or inherent

7   right of a convicted person to be released before the expiration of a valid sentence.  Greenholtz v.

8   Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  Therefore

9   petitioner's fifth claim does not state a claim for habeas relief.

10             In accordance with the above, IT IS HEREBY ORDERED that the petition in this

11   case is dismissed without prejudice and this case closed.

12   Dated: September 26, 2012

13                                                _____

14                                                CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22   3
     domi0314.screening

23

24

25

26

27

28

3